

**SO ORDERED.**

**SIGNED this 27 day of June, 2011.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | CASE NO. 09-52559-JDW |
| CLARK JEROME HARPER, ) | |
| ) | |
| DEBTOR. ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Trustee:   William Flatau
               355 Cotton Avenue
               Macon, Georgia 31201

For Creditor:  John Stobie, pro se
               3 Lilac Lane
               Bordentown, New Jersey 08505

**MEMORANDUM OPINION**

This matter comes before the Court on the Trustee's request to subordinate an untimely proof of claim. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtor Clark Jerome Harper filed a Chapter 7 petition on August 13, 2009. Debtor listed John Stobie on Schedule F as a general unsecured creditor and included Mr. Stobie on the creditor matrix. On September 29, 2009, the Clerk of the Bankruptcy Court issued a notice of bar date, indicating that the Chapter 7 Trustee had recovered assets and setting December 28, 2009, as the deadline for creditors to file proofs of claim. (Dkt. no. 20.)

Mr. Stobie submitted a proof of claim for an unsecured debt in the amount of $93,645.84, which was stamped as filed by the Bankruptcy Court Clerk on January 7, 2010. The Trustee filed an objection based on the lateness of the proof of claim and requested subordination of the claim to timely filed claims. Mr. Stobie filed a response to the objection–which he styled as an objection to the Trustee's objection–asserting that he mailed the claim from Bordentown, New Jersey, on December 20, 2009, which should have been sufficient time for delivery to the Court by the bar date.[1] Mr. Stobie also filed a motion to allow a late objection, which states in full as follows: "Comes now John Stobie, Creditor, and files his motion to allow a late objection

---

[1] The Court notes that December 20, 2009, was a Sunday and that Christmas fell on the following Friday.

regarding Claim No. 38 filed by John Stobie in the amount of $93,645.84." (Dkt. no. 111.)

The Court held a hearing on the Trustee's objection on June 13, 2011. Mr. Stobie did not appear. After considering the facts, which are not in dispute, and the legal arguments–including Mr. Stobie's contentions as they appear in his written response–the Court will grant the Trustee's request to subordinate Mr. Stobie's claim to timely filed claims.

### Conclusions of Law

At issue in this case is whether Mr. Stobie's proof of claim for a general unsecured debt was timely filed. In a Chapter 7 case, "a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors," with some exceptions not applicable to Mr. Stobie. Fed. R. Bankr. P. 3002(c). A proof of claim is filed when it is received by the Clerk's Office. Graham v. Hudson (In re Graham), 290 B.R. 424, 432 (Bankr. N.D. Ga. 2003). See also Rodgers v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (holding that a complaint is filed upon actual or constructive receipt by the clerk); Askew v. Patel (In re Patel), No. 4:05-CV-118, 2006 WL 318613, at *3 (M.D. Ga. Jan. 30, 2006) ("once a filing is received into the clerk's possession and control, it is typically deemed filed as of that date ...."). In this case, the bar date was December 28, 2009, and the filing date was January 7, 2010. Therefore, the proof of claim was not timely filed.

Mr. Stobie has filed a motion to allow a late objection. In his motion, Mr. Stobie asks the Court to allow a late objection regarding his claim. It is unclear whether Mr. Stobie is asking the Court to allow his late-filed claim or to allow his separate response to the Trustee's objection. If his motion relates to the timeliness of his response, the deadline for filing a response to the

3

Trustee's objection was May 18, 2011. (Notice of Time to Respond to Objection, dkt. no. 106.) Mr. Stobie filed his response on May 17, 2011. Therefore, the response was timely filed.

More likely, Mr. Stobie was attempting to request an extension of the time to file a proof of claim or treatment of his claim as timely filed. However, the Bankruptcy Code allows neither action. See In re Thomas, 181 B.R. 674, 676 (Bankr. S.D. Ga. 1995) (Walker, J.). The Court may extend the time to file "only to the extent and under the conditions stated in [Rule 3002(c)]." Fed. R. Bankr. P. 9006(b)(3). Rule 3002(c) lists six exceptions to the 90-day deadline for filing of proof of claim in a Chapter 7 case. None of the exceptions apply to Mr. Stobie.[2] Therefore, the Court cannot extend the time for Mr. Stobie to file his proof of claim.

Furthermore, the Court will not treat Mr. Stobie's claim as timely filed. As discussed above, a proof of claim is filed when it is received by the Clerk's office. The Rules provide an exception if the proof of claim is erroneously delivered to certain other government or court officials. In such cases, it "shall be deemed filed with the clerk ... as of the date of its original delivery." Fed. R. Bankr. P. 5005(c). However, there was no such erroneous delivery in this case, so Rule 5005(c) is of no help to Mr. Stobie. In addition, some courts apply the common law "mailbox presumption" to proofs of claim. In re Nimz Transportation, Inc., 505 F.2d 177, 179 (7th Cir. 1974) (adopting mailbox presumption with no analysis); Graham, 290 B.R. at 441. Contra, Chrysler Motors Corp. v. Schneiderman, 940 F.2d 911, 914 (3d Cir. 1991); In re Edwards, No. 09-81315-WRS, 2010 WL 3807161, at *6 (Bankr. M.D. Ala. Sept. 23, 2010)

---

[2] The exceptions apply to a governmental unit, an infant or incompetent person or their representative, certain claims arising from judgments, claims arising from rejection of an executory contract or unexpired lease, cases in which creditors were initially notified of insufficient assets to pay a dividend, and creditors with a foreign address. Fed. R. Bankr. P. 3002(c)(1)-(6).

(rejecting application of mailbox presumption to proofs of claim). Under that doctrine, if a creditor shows he timely mailed a proof of claim, the court will presume–subject to rebuttal–that the proof of claim was timely received and, thus, timely filed. See Graham, 290 B.R. at 433. However, those courts that apply the mailbox presumption to proofs of claim only do so when the proof of claim was never received.[3] Id. at 438 n.8 ("the mailbox presumption has no evidentiary function if the mailed item is actually received"). Assuming, without deciding, that proofs of claim are properly subject to the mailbox presumption, the presumption does not apply in this case because the Clerk's office actually received Mr. Stobie's proof of claim.

For the forgoing reasons, the Court has no mechanism for treating Mr. Stobie's proof of claim as being timely filed. Even if the Court considers the equities of the case, it cannot find in Mr. Stobie's favor. The bar date in this case fell on the first business day after Christmas. Mr. Stobie mailed his proof of claim at the beginning of Christmas week. It is not unreasonable to anticipate some delays in mail service at the height of the holiday season. Multiple options were available to Mr. Stobie to guarantee or increase the chances of timely delivery of his proof of claim, including overnight or second-day delivery by the U.S. Postal Service or a private carrier, or "if convenient, ... manual filing across the counter in the clerk's office." Schneiderman, 940 F.2d at 914. Mr. Stobie took none of these precautions.

Furthermore, the lateness of Mr. Stobie's claim does not serve as an absolute bar from

---

[3] The court in Graham further noted that application of the mailbox presumption may be "conditioned on the existence of other factors ..., such as active participation in good faith in the case prior to the bar date, prompt action to establish the filing of record, the knowledge of the Debtor and Chapter 13 Trustee of Creditors' assertion of the claim, the absence of unfair prejudice to other parties or the distribution process, or other corroborating circumstances[.]" 290 B.R. at 439.

participation in distribution of Debtor's assets. Under § 726(a)(3), after payment of priority claims and timely filed general unsecured claims, "(a) ... property of the estate shall be distributed ... (3) ... in payment of any allowed unsecured claim proof of which is tardily filed[.]" 11 U.S.C. § 726(a)(3). This subordination of late-filed claims allows for the expeditious administration of the bankruptcy estate without fully cutting off the rights of the dilatory creditor.

For the forgoing reasons, the Court will deny Mr. Stobie's request to extend the deadline to file a proof of claim or to treat his claim as timely filed. Furthermore, the Court will grant the Trustee's request to subordinate Mr. Stobie's claim to timely filed claims.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT